Mr. Chief Justice Quiñones did not take part in the decision of this case.

---

## THE PEOPLE *v*. RIVERA.

### APPEAL from the District Court of San Juan.

No. 147.—Decided November 20, 1908.

HABEAS CORPUS—RESIDENCE OF PETITIONER—JURISDICTION.—The district court in the district in which the petitioner resides has jurisdiction of an application for *habeas corpus*.

ID.—SAN JUAN JAIL SITUATED IN ARECIBO—RESIDENCE OF PRISONER.—A prisoner confined in the district jail of San Juan, which is really situated in Arecibo, is a resident of the district of Arecibo, and that court has jurisdiction to hear and decide an application for *habeas corpus*, and not the District Court of San Juan.

ID.—APPELLANT JURISDICTION.—The Supreme Court cannot go into the merits of a case in *habeas corpus* proceedings on appeal from a district court without jurisdiction to hear the application, because the appellate jurisdiction is limited to a review of the facts and the law as they appear from the record.

The facts are stated in the opinion.

*Mr. Manuel F. Rossy* for appellant.

The respondent did not appear.

MR. JUSTICE WOLF delivered the opinion of the court.

Upon a petition being made by Presentación Rivera to the District Court of San Juan for his release under a writ of *habeas corpus* an order was issued directed to the alcaide of the jail of San Juan in Arecibo requiring said alcaide to bring said prisoner, Presentación Rivera, to the Judge of the Second Section of the District Court of San Juan.

A return was made by the said alcaide setting up the judgment and the warrant by which he held the prisoner. The prisoner maintained that he was entitled to his release on various grounds which the judge of the court below examined. While we saw no error in the opinion of the judge, there was a previous question for our consideration and, therefore, we appointed a special day for hearing argument upon the ques-

tion whether the District Court of San Juan had jurisdiction over the prisoner.

The application for writ of *habeas corpus* was made in an alternative form, the whereabouts of the applicant being uncertain, and one of the writs was served upon the alcaide of the district jail of San Juan in Arecibo, in whose possession the prisoner actually was. It was contended here in the argument that by a species of legal fiction the district jail of San Juan in Arecibo was a part of the jurisdiction of the District Court of San Juan. There is no further warrant of law for this contention than that the jail in Arecibo contains prisoners sentenced by the San Juan courts and the Government has a jail for such prisoners. Physically and actually the petitioner was in the city of Arecibo. Being in said city of Arecibo, if he was illegally restrained of his liberty, he had the right to apply to the district court of the same for his release. It could not then be contended that that jail formed a part of the District of San Juan and that the application would have to be made to the court of San Juan. There is nothing in the law which brings any part of Arecibo within the judicial district of San Juan, and for that reason the District Court of Arecibo must be held to have had jurisdiction over the appellant, Presentación Rivera. A similar point came up for consideration by this court in the case of *Ex parte Juan Alvarez Peña,* decided on the 25th of June, 1908 (14 P. R. Rep., 581).

Section 471 of the Code of Criminal Procedure provides as follows:

"The writ of *habeas corpus* may be granted:

"1. By the Supreme Court, or any justice thereof, or by the district court, or any justice thereof, upon petition by or on behalf of any person restrained of his liberty. When so issued it may be made returnable before the court or the judge issuing the same.

"2. By the district courts, or a judge thereof, upon petition by or on behalf of any person restrained of his liberty, in the respective district in which said court has jurisdiction."

By virtue of paragraph two of this section it becomes evident that the District Court of Arecibo had jurisdiction over the prisoner as he was in that judicial district. The said paragraph two is a limitation on the powers of any other district court. The first paragraph names the courts which may issue writs of *habeas corpus,* and the second paragraph has no reason for existence except to fix the particular district court to which a prisoner in custody may apply. This restriction imposes no hardship upon the prisoner, because both by the Organic Act and by paragraph one of the section cited, a prisoner restrained of his liberty may apply to any one of the judges of this court in case he has any reason why such application should not be made to the judge of the district court.

It was contended in the argument that this court having such an original jurisdiction, even if the jurisdiction of the court below was defective, yet we had the power to consider the merits of the case on appeal by reason of such original jurisdiction.

We cannot agree with this contention. The prisoner's rights on appeal are fixed by the law of March 12, 1903. Section six of the law provides that appeals shall be determined on the law and the facts arising upon the record. This jurisdiction is purely appellate for the purpose of reviewing and, if necessary, revising from the record, the proceedings of the court below. We are limited to the record, and a petition directed primarily to us is necessary if our original jurisdiction is to be invoked. We must hold that for the reasons set forth, the district court of San Juan was without jurisdiction to hear this application, and the case must be sent back to that court with instructions to dismiss the same.

*Dismissed.*

Justices Hernández, Figueras, and MacLeary concurred.

Mr. Chief Justice Quiñones did not take part in the decision of this case.